# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CROSS OIL REFINING & MARKETING, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL S. REGAN, in his official capacity as Administrator of the United States Environmental Protection Agency, <br><br> Defendant. | Civil Action No. 21-cv-1825 <br> Hon. Judge Cobb |

## DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT ON REMEDY AND RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant Michael S. Regan, in his official capacity as Administrator of the United States Environmental Protection Agency (referred to herein as "EPA"), respectfully submits this cross motion on remedy and response to Plaintiff Cross Oil & Marketing, Inc.'s ("Cross Oil") motion for summary judgment, ECF No. 11. In this citizen suit, Cross Oil alleges a violation of 42 U.S.C. § 7545(*o*)(9)(B)(iii) for EPA's failure to issue a decision on Cross Oil's petition for a small refinery exemption ("SRE") by the statutory deadline, which Cross Oil contends is a nondiscretionary duty that EPA must perform. Cross Oil seeks an order compelling EPA to decide its SRE petition within thirty days of the Court's decision on its motion. Because EPA concedes that it failed to perform its nondiscretionary duty to respond by the statutory deadline, the only issue now before the Court is the appropriate remedy. For the reasons set forth below, the Court should grant EPA's cross motion[1] for summary judgment and set June 3, 2022, as the

---

[1] Although EPA did not initially contemplate a cross motion when setting a briefing schedule, upon reviewing Cross Oil's motion, EPA has determined that it must seek alternative relief.

response deadline.  The Court should deny Cross Oil's motion to the extent it seeks a decision deadline before June 3, 2022.

## BACKGROUND

### A. Statutory and Regulatory Background

Subject to certain exemptions, "obligated parties" such as refineries must comply with the Renewable Fuel Standard ("RFS") program established by Clean Air Act section 7545(*o*).  The program prescribes applicable volumes for renewable fuel, advanced biofuel, and cellulosic biofuel for each year through 2022, and for biomass-based diesel through 2012.  *Id*. at § 7545(*o*)(2)(B).  Obligated parties, including refiners and importers of gasoline and diesel fuel, must include a specified percentage of renewable fuel, advanced biofuel, and cellulosic biofuel in the transportation fuel they introduce into commerce.  *Id*. at § 7545(*o*)(3)(B).  Qualified small refineries were exempted from the RFS program through 2010.  *Id*. at § 7545(*o*)(9)(A)(i); 40 C.F.R. §§ 80.1401 & 80.1441(e)(2)(iii).  A small refinery may petition the Administrator to temporarily extend those SREs "for the reason of disproportionate economic hardship."  *Id*. at 7545(*o*)(9)(B)(i).  The Administrator must decide any such SRE petition no later than 90 days after the date the petition is received.  *Id*. at 7545(*o*)(9)(B)(iii).

### B. Factual Background

The RFS program and EPA's implementation of the SRE provisions have been the subject of extended litigation.  In 2020, in *Renewable Fuels Association, v. EPA*, 948 F.3d 1206 (10th Cir. 2020) (*Renewable Fuels*), the Tenth Circuit remanded EPA's grant of certain 2016 and 2017 SRE petitions.  The *Renewable Fuels* court remanded EPA's grant of the petitions on three grounds.  First, the court held that EPA could not grant an extension of the exemption to any small refinery that had not received extensions of the initial blanket exemption in every year since 2010.  948 F.3d at 1249.  Second, the court held that EPA had improperly granted the petitions for extensions

of SREs based on disproportionate economic hardship for two reasons: (a) in those cases, the refineries' hardship resulted from "something other than" required compliance with their RFS obligations; and (b) EPA failed to address its position that small refineries "passthrough" most or all of their RFS compliance costs and therefore do not suffer economic hardship because of RFS compliance. 948 F.3d at 1253–57.

Following the Tenth Circuit's *Renewable Fuels* opinion, the intervenor small refineries in the case appealed only the holding that, to be eligible for an exemption, a small refinery needed a continuous, uninterrupted exemption history. In *HollyFrontier Cheyenne Refining, LLC v. Renewable Fuels Association*, the Supreme Court vacated the *Renewable Fuels* holding on this issue, and held that the term "extension" as used in Section 7545(*o*)(9)(B) of the Clean Air Act does not include a continuity requirement. 141 S. Ct. 2172, 2181 (2021).

EPA evaluated the *Renewable Fuels* and *HollyFrontier* decisions as well as refinery-specific materials submitted by many small refineries to supplement their SRE petitions in the wake of these rulings. EPA's Statement of Material Facts ("EPA's SUMF") ¶¶ 1, 4, Ex. A (citing Declaration of Byron Bunker ("Byron Decl."), Ex. B). EPA also reviewed lessons learned and data collected through years of experience implementing the RFS and SRE statutory provisions. *Id*. Based on this evaluation, EPA determined that the remaining *Renewable Fuels* holdings (that were not vacated by *HollyFrontier*) provide the best reading of the SRE statutory provisions. *Id*.

In December 2021, informed by its changed interpretation of the SRE provisions, EPA proposed to deny more than sixty SRE petitions, including Cross Oil's petition for an SRE for the 2019 RFS compliance year ("Proposed SRE Denial"). *See* Ex. C; *see also* EPA's SUMF ¶¶ 2–4.

The next day, in related litigation, the D.C. Circuit remanded to EPA 36 SRE petitions from 2018 that EPA had previously decided. *See Sinclair Wyoming Refining Co. v. EPA*, Case No. 19-1196 (D.C. Cir.), December 8, 2021 Order, Doc. No. 1925942 ("*Sinclair* Order"), Ex. D;

*see also* EPA's SUMF ¶ 6. The court ordered EPA to reconsider those 2018 petitions and issue new decisions by April 7, 2022. *Id*.

To comply with the *Sinclair* court order, on April 7, 2022, EPA issued a decision denying those 36 petitions (the "April SRE Denial"), Ex. E; *see also* EPA's SUMF ¶ 7. EPA continues to evaluate the small refinery petitions in the Proposed SRE Denial, including Cross Oil's 2019 SRE petition. *Id*. ¶ 8.

### C. Procedural Background

In July 2021, Cross Oil filed this action. ECF No. 1. The Court granted the parties' joint motion to stay the case to allow for settlement discussions or further action by EPA, stayed the action, and directed the parties to file a status report. Sept. 25, 2021 Minute Order. Consistent with the Court's order, on December 16, 2021, the parties submitted a status report in which EPA proposed to continue the stay pending EPA's finalization of the Proposed SRE Denial, which would render the case moot. ECF No. 8. Cross Oil disagreed and requested that the Court lift the stay and proceed with litigating the merits of the case. *Id*. 2–4. The Court agreed with Cross Oil, lifted the stay, and issued a scheduling order. Jan. 20, 2022 Minute Order. On February 17, 2022, EPA filed its answer. ECF No. 10. On March 10, 2022, Cross Oil moved for summary judgment. ECF No. 11.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

EPA does not dispute Cross Oil's Statement of Undisputed Material Facts, ECF No 11-1. EPA incorporates its own Statement of Undisputed Material Facts, filed as Exhibit A to this cross motion.

## STANDARD OF REVIEW

A motion for summary judgment will be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a).  Summary judgment is appropriate if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," on which the party bears the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  Because EPA does not dispute that it has failed to take the required action, the only dispute concerns remedy, which may be resolved on summary judgment.  *See, e.g., Sierra Club v. Pruitt*, 238 F. Supp. 3d 87, 88 (D.D.C. 2017).

A district court has broad discretion to fashion equitable remedies such as a issuing a schedule for EPA to discharge a nondiscretionary duty.  *See Nat. Res. Def. Council, Inc. v. Train*, 510 F.2d 692, 713 (D.C. Cir. 1974); *Sierra Club*, 238 F. Supp. 3d at 89.  The Court is not limited by the applicable statutory timetable, as Plaintiff contends, *see* Pl. Br. at 5–7; rather, it may give the agency additional time for compliance "where it is convinced by the official involved that he has in good faith employed the utmost diligence in discharging his statutory responsibilities." *Train*, 510 F.2d at 713; *see also Envtl. Def. Fund v. Thomas*, 627 F. Supp. 566, 569–70 (D.D.C. 1986) (finding EPA's proposed compliance schedule "reasonable" and adopting it where agency had failed to comply with a nondiscretionary statutory duty).  A court may accept an agency's proposed deadline if accompanied by a declaration "sufficiently detailed to support [its] proposed deadline and to satisfy the [c]ourt" that plaintiff's proposed deadline "would be unattainable." *Sierra Club*, 238 F. Supp. 3d at 89.  Relevant factors in assessing what is "attainable" include "manpower demands" and "methodological constraints" on the agency's ability to complete the necessary tasks.  *Train*, 510 F.2d at 712–13.

**ARGUMENT**
**THE COURT SHOULD GRANT EPA'S PROPOSED DEADLINE AS THE MOST EXPEDITIOUS THAT THE AGENCY CAN REASONABLY MEET UNDER THE CIRCUMSTANCES.**

The sole question before the Court is what deadline to impose on EPA to fulfill its nondiscretionary duty to issue a decision on Cross Oil's SRE petition. The Court should therefore reject Cross Oil's premature attempts to attack the substance of EPA's decision, with passing references to a "procedurally irregular rulemaking," Pl. Br. 8, and should assess solely whether EPA has demonstrated that a proposed decision deadline of June 3, 2022 is reasonable. EPA has provided the Byron Declaration, which explains in sufficient detail why EPA should not be required to act before June 3, 2022. *Sierra Club*, 238 F. Supp. 3d at 89 (granting EPA's proposed deadline on the basis of a sufficiently detailed agency declaration). EPA has therefore met its burden and has established good grounds for its requested relief.[2]

First, EPA has good cause for its delay thus far. The agency has not simply delayed deciding Cross Oil's petition without reason. The RFS program, and in particular EPA's authority to issue SREs, has undergone significant programmatic changes and legal challenges over the years, which has caused EPA to reasonably delay deciding outstanding petitions until those matters have been resolved. EPA's SUMF ¶¶ 1, 4, 8–9. Now that the agency has recently revised its legal interpretation of aspects of the RFS program following *Renewable Fuels* and *HollyFrontier*, EPA focused first on deciding petitions subject to the *Sinclair* Order. *Id*.

Second, EPA would benefit from additional time to issue its decision on Cross Oil's petition, along with the other outstanding petitions, by June 3, 2022. EPA's SUMF ¶ 8–9. EPA

---

[2] Cross Oil does not request a specific decision date but instead requests that this Court order EPA to respond to its petition within 30 days of the Court's ruling on its motion. Pl. Br. at 5–7. Should Cross Oil prevail, it is not certain when the Court will rule and when EPA will be compelled to act. Thus, EPA does not necessarily oppose Cross Oil's motion, so long as the Court does not order EPA to issue a decision on Cross Oil's petition before June 3, 2022.

has sought to implement a coordinated approach to ensure fairness and consistent treatment among all affected small refineries. *Id*. Issuing Cross Oil's decision as a standalone action would unnecessarily depart from this reasonable approach and would likely strain agency resources in the future because a standalone decision may be challenged separately in a different circuit court. *Id*. EPA already faces a separate SRE challenge in the Third Circuit because the agency was compelled to issue a decision on another 2019 petition for an SRE based on a deadline suit; if EPA had been able to issue a decision for that petition together with other outstanding 2019 petitions, all similarly situated SRE decisions could have ultimately faced a single challenge in one court, as EPA had hoped. *See, infra*, n.3 (regarding *United Refining Co. v. EPA* (3d Cir. No. 21-3218)); *see also* EPA's SUMF ¶ 9.

Third, EPA faces limited agency resources. The same staff has been addressing numerous programmatic and legal obligations arising out of the RFS program. EPA's SUMF ¶ 10. EPA has been working to evaluate the voluminous comments and data submitted in connection with the Proposed SRE Denial, consulting with the Department of Energy, reviewing the DOE 2011 study and other economic factors, and considering the potential effects certain SRE decisions may have on the subject refineries, the RFS renewable credits market, and the integrity of the RFS program as a whole. *Id*. ¶¶ 5, 8–9. Given the amount of coordination required to fully address Cross Oil's 2019 SRE petition, EPA has concluded that a deadline of June 3, 2022, is the most reasonable. *Id*. ¶ 11. This deadline also accounts for EPA's competing obligations to meet other deadlines related to EPA's implementation of the RFS program, which occupy the same EPA staff members. For example, the same staff are working on other RFS and SRE rulemaking and lawsuits subject to court-ordered and statutory deadlines, such as deadline suits concerning overdue rulemaking actions setting renewable fuel volumes for 2021, 2022, and 2023; other small refineries' deadline suits over EPA's failure to decide 2019 SRE petitions; a small refinery's court challenge to the

relief it was provided after a petition grant; and challenges to EPA's extension of the compliance deadlines for the RFS 2019 compliance year and beyond. *Id*. ¶ 10.  The D.C. Circuit has recognized as "legitimate constraints on the agency's ability to meet a statutory deadline . . . budgetary commitments and manpower demands required to complete [the action at issue] by the existing deadline [that] are beyond the agency's capacity or [that] would unduly jeopardize the implementation of other essential programs." *Sierra Club v. Johnson*, 444 F. Supp. 2d 46, 53 (D.D.C. 2006) (quoting *Train*, 510 F.2d at 712) (add'l internal citations omitted); *Cal. Communities Against Toxics v. Pruitt*, 241 F. Supp. 3d 199, 204–05 (D.D.C. 2017).

An extension would not prejudice Cross Oil because EPA has not singled Cross Oil out.[3] EPA's SUMF ¶ 12.  In addition, EPA has extended compliance deadlines for these small refineries to mitigate any harm of EPA's delay, which means that EPA's delay in deciding Cross Oil's petition has not affected Cross Oil's compliance obligations.  *Id*.  This case is not like those cited by Cross Oil, Pl. Br. 5, where the agency sought an indefinite or extended period of time to collect additional data or where the plaintiff faced irreparable harm.  *See, e.g., Sierra Club v. Johnson*, 444 F. Supp. 2d at 56 (declining to accept extended and indefinite proposed schedule); *EnerVest, Ltd. v. Jewell*, No. 2:16-CV-01256-DN, 2016 WL 7496116, at *3 (D. Utah Dec. 30, 2016) (granting mandamus relief and finding that the agency provided "no reason" for the delay); *Ensco Offshore Co. v. Salazar*, 781 F. Supp. 2d 332, 339 (E.D. La. 2011) (granting preliminary injunction upon finding of irreparable harm); *Sierra Club v. Browner*, 130 F. Supp. 2d 78, 95 (D.D.C. 2001), *aff'd sub nom. Sierra Club v. Whitman*, 285 F.3d 63 (D.C. Cir. 2002) (rejecting a remedy "that would so completely neutralize the mandatory nature of the statutory directive.").

---

[3] EPA has issues a decision on only one 2019 SRE petition, and that was pursuant to a consent decree.  *See United Refining v. Wheeler*, (D.D.C.), Case No. 1:20-cv-1956.  All remaining petitions for 2019 and subsequent years are pending before the Agency.

Here, EPA has explained its good-faith basis for delay and intends to issue a decision on Cross Oil's petition in a matter of weeks. EPA's SUMF ¶¶ 8–11. EPA simply requests that it be allowed to issue decisions on all pending 2019 petitions in a coordinated fashion that is fair to the other petitioners, practicable for the agency, and best serves the RFS program as a whole. *Id*.

Contrary to Cross Oil's protestations, the Court is not required to impose the earliest possible deadline without regard to pre-existing court-ordered deadlines, and the Court may consider the resources actually available to the agency. *Train*, 510 F.2d at 713; *Sierra Club v. Pruitt*, 238 F. Supp. 3d at 89; *Appalachian Voices v. McCarthy*, 989 F. Supp. 2d 30, 56 (D.D.C. 2013). While EPA does not dispute that this Court may establish deadlines by which the agency should decide Cross Oil's petition, the agency has established a reasonable basis to support its request for a June 3, 2022 deadline for EPA to issue a decision on Cross Oil's 2019 SRE petition.

## CONCLUSION

This Court should deny Cross Oil's requested deadline to the extent it would occur before June 3, 2022, should grant EPA's cross motion for summary judgment on remedy, and should set June 3, 2022 as the deadline for EPA to issue a decision on Cross Oil's 2019 SRE petition.

Dated: April 18, 2022

                                           Respectfully submitted,

                                           TODD KIM
                                           Assistant Attorney General
                                           Environmental & Natural Resources Division

                                           */s/ Sarah Izfar*
                                           Trial Attorney (DC Bar #1017796)
                                           United States Department of Justice
                                           Environmental Defense Section
                                           P.O. Box 7611 (regular mail)
                                           150 M St., NE (overnight)
                                           Washington, D.C. 20044

sarah.izfar@usdoj.gov
(202) 305-0490

*Counsel for Defendant*

OF COUNSEL:
Meredith G. Miller
U.S. Environmental Protection Agency
Air and Radiation Law Office
Mail Code 2344A
1200 Pennsylvania Ave. NW
Washington, DC  20460