UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CROSS OIL REFINING & MARKETING, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL S. REGAN, <br><br> Defendant. | Civil Action No. 21-1825 (JMC) |

## MEMORANDUM OPINION

Plaintiff Cross Oil and Defendant Michael S. Regan, the Administrator of the Environmental Protection Agency (EPA), have cross-moved for summary judgment. ECF 11; ECF 13. The Parties agree that the Administrator's failure to decide Cross Oil's petition for a hardship exemption from Congress's renewable-fuel program within ninety days of receipt of the petition violates 42 U.S.C. § 7545(o)(9)(B). And the Parties' requested deadlines for the EPA to decide Cross Oil's petition overlap. This Court thus **GRANTS** Cross Oil's motion for summary judgment, ECF 11, and **DENIES** the Administrator's cross-motion as moot. The Administrator is **ORDERED** to decide Cross Oil's petition within thirty days of the issuance of this Order.[1]

**I.   BACKGROUND**

Congress's renewable-fuel program is codified at 42 U.S.C. § 7545(o). The program imposes volume restrictions on refineries; these restrictions are administered by the EPA. *See*

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

1

§ 7545(o)(2)(B)(ii). Relevant here are two neighboring subparagraphs that apply to small refineries: subparagraph A (§ 7545(o)(9)(A)) and subparagraph B (§ 7545(o)(9)(B)).

Under subparagraph A(i), Congress temporarily exempted all small refineries from the renewable-fuel program's obligations until 2011. *See* § 7545(o)(9)(A)(i). Congress also ordered the Secretary of Energy to study whether small refineries' compliance with the renewable-fuel program would cause "disproportionate economic hardship" to those refineries. § 7545(o)(9)(A)(ii)(I). If the Secretary of Energy determined that a small refinery would suffer such hardship, subparagraph A(ii) directed the EPA Administrator to extend the subparagraph A(i) blanket exemption by two-or-more years. *See* § 7545(o)(9)(A)(ii)(II).

Turning to subparagraph B, Congress commanded that "a small refinery may at any time petition the [EPA] Administrator for an extension of the exemption under subparagraph (A) for the reason of disproportionate economic hardship." § 7545(o)(9)(B)(i). Congress set a "deadline for action on petitions": "The [EPA] Administrator *shall* act on any petition submitted by a small refinery for a hardship exemption not later than 90 days after the date of receipt of the petition." § 7545(o)(9)(B)(iii) (emphasis added).

Put simply: small refineries were exempt from the renewable-fuel program until 2011 under subparagraph A(i)'s blanket exemption, could be exempt until at least 2013 under subparagraph A(ii)'s two-year-plus extension, and could petition for a hardship exemption under subparagraph B.

Cross Oil is a small refinery. ECF 11-1 at 1. On May 11, 2020, Cross Oil petitioned the EPA for a hardship exemption under subparagraph B; the EPA received the petition on or around the same day. *Id.* at 2. Per subparagraph B's ninety-day mandate, the EPA's decision on Cross

Oil's petition was due on or around August 10, 2020. The EPA has yet to act on Cross Oil's petition. ECF 13 at 1-2.

Cross Oil sued the EPA in the District Court of the District of Columbia on July 8, 2021, seeking to compel the EPA to grant or deny its petition. ECF 1 ¶¶ 1-3. On November 16, 2021, the Parties jointly moved to stay the case pending settlement negotiations. ECF 7. The Court granted the joint motion, ordering the Parties to update the Court every thirty days. 9/25/21 Min. Order.

On December 7, 2021, the EPA issued the "Proposed RFS Small Refinery Exemption Decision." In that proposed decision, the EPA conveyed that none of the sixty-five small refineries with pending subparagraph B petitions—including Cross Oil—have demonstrated that compliance with the renewable-fuel program has caused disproportionate economic hardship. So the EPA proposed to deny all sixty-five petitions and presented available data on the program's costs and market dynamics for public review and comment. ECF 8-1 at 66-67.

Cross Oil and the EPA filed a joint status report on December 16, 2021. ECF 8. Pointing to subparagraph B's command that "the [EPA] Administrator *shall* act . . . not later than 90 days after the date of receipt of the petition," § 7545(o)(9)(B)(iii) (emphasis added), Cross Oil urged the Court to lift the stay. ECF 8 at 3-4. The EPA requested that the stay remain in place as it worked to turn its proposed decision into a final decision. *Id.* at 4-5. Agreeing with Cross Oil, the Court lifted the stay. 2/20/22 Hr'g Tr. at 13. The Parties then cross-moved for summary judgment. ECF 11; ECF 13. The EPA's cross-motion conceded liability and briefed only the issue of remedy. ECF 13 at 1.

## II.   LEGAL STANDARD

A party moving for summary judgment bears the burden of showing that no genuine dispute as to any material fact exists and the movant's entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine

dispute of material fact exists "if the evidence, viewed in a light most favorable to the nonmoving party, could support a reasonable jury's verdict for the non-moving party." *Hairston v. Vance-Cooks*, 773 F.3d 266, 271 (D.C. Cir. 2014). When resolving cross-motions for summary judgment, courts must determine whether either side merits judgment as a matter of law. *See Trudel v. SunTrust Bank*, 288 F. Supp. 3d 239, 245 (D.D.C. 2018).

**III.   ANALYSIS**

Subparagraph B's use of the word "shall" clearly requires the EPA Administrator to decide a small refinery's hardship exemption no later than ninety days after the petition is received. *See Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 171 (2016) (explaining that "'shall' usually connotes a requirement" and that "when a statute distinguishes between 'may' and 'shall,' it is generally clear that 'shall' imposes a mandatory duty."); *compare* § 7545(o)(9)(B)(i) ("A small refinery *may* at any time petition the Administrator for an extension of the exemption under subparagraph (A) for the reason of disproportionate economic hardship" (emphasis added)), *with* § 7545(o)(9)(B)(iii) ("The Administrator *shall* act on any petition submitted by a small refinery for a hardship exemption not later than 90 days after the date of receipt of the petition." (emphasis added)).

Here, the EPA concedes both that it "must decide any such [subparagraph B] petition no later than 90 days after the date the petition is received" and "that [the EPA] failed to perform its nondiscretionary duty to respond by [subparagraph B's] statutory deadline." ECF 13 at 1-2. Accordingly, summary judgment is properly granted to Cross Oil as to the issue liability.

Because everyone is on the same page that the EPA has violated subparagraph B, this Court invokes its equitable authority to set a deadline for the EPA Administrator to decide Cross Oil's petition. *See NRDC v. Train*, 510 F.2d 692, 705 (D.C. Cir. 1974) ("The authority to set enforceable

deadlines both of an ultimate and an intermediate nature is an appropriate procedure for exercise of the court's equity powers to vindicate the public interest.").

Cross Oil contends that the EPA Administrator should be compelled to decide the refinery's petition within thirty days of the issuance of this order. ECF 11 at 1. For the reasons supplied in the refinery's briefing, the Court agrees with Cross Oil that thirty days is a reasonable deadline. ECF 11; ECF 16. The Administrator requests a deadline of June 3, 2022—which is within thirty days after the issuance of this order. ECF 13 at 1. Because of the timing of the Parties' briefing of their cross-motions, the EPA's opposition to Cross Oil's proposed deadline has evaporated. *Id.* at 6 n.2 ("[The] EPA does not necessarily oppose Cross Oil's motion, so long as the Court does not order [the] EPA to issue a decision on Cross Oil's petition before June 3, 2022."). The Court will thus order the EPA to decide Cross Oil petition within thirty days and denies the EPA's cross-motion as moot.

## IV.  CONCLUSION

Cross Oil correctly contends—and the EPA Administrator concedes—that the EPA has violated § 7545(o)(9)(B). And the Parties' proposed deadlines for the EPA to decide Cross Oil's petition overlap. Cross Oil's motion for summary judgment, ECF 11, is thus **GRANTED** and the EPA Administrator's cross-motion, ECF 13, is **DENIED** as moot. The Administrator is thus **ORDERED** to decide Cross Oil's petition within thirty days of the issuance of this order.

**SO ORDERED**.

DATE: May 5, 2022

_____
Jia M. Cobb
U.S. District Court Judge